IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL KOZLOWSKI,

Plaintiff,

v.

CITY OF CHICAGO,
Chicago Police Officers
CRYSTAL RUCKER, Star 12507 and
JERRY KNICKREHM, Star 16522,

Defendants.

No. 11-C-2107
Hon. Suzanne B. Conlon

# DEFENDANT CITY OF CHICAGO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant City of Chicago (the "City"), by its attorneys, respectfully submits the following Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiff alleges that he was issued two parking tickets, totaling $300.00 in fines, for alleged parking infractions in Chicago when his car in fact was elsewhere; that he brought the fact that the tickets were incorrect to the attention of the Chicago Police Department; that the Chicago Police conducted an internal investigation (the results of which were not shared with plaintiff); and that the tickets were dismissed, apparently without plaintiff having to appear in Court or hire a lawyer. Complaint, ¶¶ 8-38. Whatever else these allegations may amount

to, they do not support or warrant the five count federal lawsuit at bar. In an effort to make a federal case out of a parking ticket dispute, plaintiff makes conclusory allegation after conclusory allegation. Thus, based on his allegation that the parking tickets set forth information indicating that they were issued by the defendant officers, *id.*, ¶¶ 8, 9, 17, 18, plaintiff goes on to allege that the two officers (whom plaintiff does not claim to know or otherwise have any connection to) "acted willfully and wantonly, maliciously, and with conscious disregard and deliberate indifference to [p]laintiff's rights," "treated [p]laintiff differently than others similarly situated," "were motivated by illegitimate animus against the plaintiff," and engaged in "conduct [that] was an egregious arbitrary abuse of government power that shocks the conscience." *Id.*, ¶¶ 38, 40, 42, 45.

If plaintiff's lawsuit is allowed to proceed, there will be nothing left to the pleading requirements that keep disputes such as this one out of federal court. If a plaintiff can state a "class of one" equal protection claim simply by alleging in conclusory fashion that the mistreatment he suffered was not visited upon unidentified others and was the result of an unspecified "animus" against him, then every civil rights claim (indeed, every instance of alleged municipal mistreatment) automatically presents fodder to sue in federal court under the equal protection clause. And if the $300.00 in parking tickets of which plaintiff complains, no matter what the reason for their issuance, "shock the conscience" in a constitutional sense, then there is no limit whatsoever on the variety of local governmental disputes that, no matter how minor, may be brought before the federal courts in the form of a

substantive due process claim. And, finally, if a person who was able to resolve successfully $300.00 in incorrectly issued parking tickets by calling (and having his local police chief call) the municipality in whose name the tickets were issued (apparently without ever having to appear in court or hire an attorney) nevertheless can sue for malicious prosecution, then there is nothing left of the "special injury" requirement for a malicious prosecution claim under Illinois law.

The City respectfully submits that, whatever other measures plaintiff may wish to take as a result of the allegations contained in his complaint, this lawsuit is not a valid response. The plaintiff has failed to state any underlying claims for liability against the defendant officers, and plaintiff therefore likewise has failed to state any claims for *respondeat superior* or indemnity liability against the City. Accordingly, as explained more fully below, the City respectfully requests that the claims against it be dismissed.

## ARGUMENT

The standard governing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) recently has been set forth:

> A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. For the purposes of a Rule 12(b)(6) motion, the court takes as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. Factual allegations must, however, be enough to raise a right to relief above the speculative level. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Nolan v. Village of Dolton*, 2011 U.S. Dist. LEXIS 43227 at *3-*5 (N.D. Ill. April 21, 2011)(citations, quotations and brackets omitted).[1] Importantly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft Et Al. v. Iqbal*, 129 S.Ct. 1937, 1549, ___ U.S. ___ (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950.

Plaintiff asserts three claims against the two Chicago Police officers whom he contends issued the tickets at issue: violation of plaintiff's right to equal protection (42 U.S.C. § 1983), violation of plaintiff's right to substantive due process (42 U.S.C. § 1983) and malicious prosecution (Illinois law). Complaint, ¶¶ 39-49. Because none of these claims are properly pled, the City respectfully submits that the plaintiff's claims against the City under the doctrine of *respondeat superior* and for indemnity under 745 ILCS 10/9-102, *id.* at ¶¶ 50-53, should be dismissed. In

---

1 S*ee also Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011) (While it is certainly true that "[c]omplaints need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief that is sufficient to provide the defendant with fair notice of the claim and its basis," the Seventh Circuit's "recent decisions have emphasized that the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citations and quotations omitted).

addition, the City respectfully submits that, in the event that this Court dismisses just the two federal civil rights claims, then this Court should not exercise supplemental jurisdiction over the remaining state law claims.

## I. PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE OFFICERS

For the reasons set forth below, plaintiff fails to state a claim for violation of plaintiff's right to equal protection, violation of plaintiff's right to substantive due process or for malicious prosecution.

### A. Equal Protection

Plaintiff alleges that the officers "intentionally treated [p]laintiff different than others similarly situated," that "[t]here was no rational basis for the difference in treatment" and that the "officers were motivated by illegitimate animus against the plaintiff." Complaint, ¶¶ 40-42. On this basis, plaintiff asserts a "class of one" claim for violation of his right to equal protection. *Id*, ¶¶ 39-42.

"A plaintiff alleging a class-of-one equal-protection must establish that (1) a state actor has intentionally treated him differently than others similarly situated, and (2) there is no rational basis for the difference in treatment." *Reget v. City of La Crosse Et Al.*, 595 F.3d 691, 695 (7th Cir. 2010). In addition, "[s]ome [Seventh Circuit] cases have also required proof that the state action was motivated by illegitimate animus against the plaintiff, while others have treated illegitimate animus as an alternative basis for class-of-one liability." *Reget*, 595 F.3d at 695. "To be considered similarly situated, a plaintiff and his comparators (those alleged to have been treated more favorably) must be identical or directly comparable in all

material respects." *LaBella Winnetka, Inc. v. Village of Winnetka Et Al.*, 628 F,3d 937, 942 (7th Cir. 2010)(quotations and citations omitted). "It is clear that similarly situated individuals must be very similar indeed." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001, 1002 (7th Cir. 1994).

Here, plaintiff alleges in wholly conclusory fashion that the officers whose names allegedly appeared on the tickets "treated [p]laintiff different than others similarly situated" without any "rational basis for the difference in treatment" because the "officers were motivated by illegitimate animus against the plaintiff." Complaint, ¶¶ 40-42. This is exactly the "[t]hreadbare recital… of the elements of a cause of action, supported by mere conclusory statements" that *Iqbal* holds does "not suffice" and is "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1549-50.

Plaintiff nowhere defines what he means by "others similarly situated" or identifies so much as a single comparator who is "very similar indeed" to himself whom the officers allegedly treated differently (and better) because of an "illegitimate animus" toward plaintiff alone. *See Muczynsk v. Lieblick Et Al.*, 2011 U.S. Dist. LEXIS 14961 at *12 - *13 (N.D. Ill. February 11, 2011)((allegation that plaintiff "was similarly situated to 'other individuals involved in incidents with police officers who were stopped and investigated by police officers' and to other individuals with whom the Defendant Officers had an investigatory basis to communicate who did not have false evidence generated against them and were not arrested or prosecuted" held "inadequate"; motion to dismiss "class of one claim"

granted); *Pinedo v. City of Chicago*, 2011 U.S. Dist. LEXIS 22055 at *5 - *6 (N.D. Ill. March 4, 2011)(Granting motion to dismiss "class of one" equal protection claim for inadequate allegations of similarity to comparators: "Although the question of whether a comparator is similarly situated is usually a question for the fact-finder, dismissal at the pleading stage is appropriate if the plaintiff fails to allege facts tending to show that it was similarly situated to any of the comparators.")(citations and quotations omitted). And because plaintiff has failed to adequately allege differential treatment by failing to identify comparators or specify precisely who was "similarly situated" to him, plaintiff likewise has failed to adequately allege the absence of a "rational basis" for any differential treatment. The presence or absence of such a "rational basis" is impossible to allege (or assess) in the absence of clear, specific allegations identifying the allegedly similarly situated persons who were treated differently.

Finally, plaintiff alleges no underlying facts to support his assertion that each officer, whom plaintiff claims issued him one incorrect parking citation each, "were motivated by illegitimate animus." Plaintiff nowhere alleges that he knows or otherwise has interacted with the officers in any way or that he has any other connection to them. Plaintiff does not allege what specific "illegitimate animus" motivated each officer. In short, plaintiff alleges no facts to support his bald allegation of animus. *See Muczynsk*, 2011 U.S. Dist. LEXIS 14961 at *11 -*12 (allegation that officers arrested plaintiff based upon animus communicated by different officer held inadequate).

In sum, because plaintiff has failed properly to allege either differential treatment, lack of a rational basis for such treatment or animus, the City respectfully submits that his equal protection claim should be dismissed. The inadequacy of plaintiff's allegations is underscored by considering whether there would be any limit at all on "class of one" equal protection claims if plaintiff's claim is allowed to proceed. If any person who claims to have been mistreated by a municipal employee could state a "class of one" equal protection claim simply by baldly asserting that unidentified (but ostensibly similar) others were treated better and that the employee was motivated by an unspecified "illegitimate animus," every dispute between a municipality and its citizens, no matter how minor, could be litigated in federal court. The City respectfully submits that that is not the law and that more is required than plaintiff has alleged here to state such a claim. *See, e.g., McDonald v. Village of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004)("The reason that there is a 'similarly situated' requirement in the first place is that at their heart, equal protection claims, even 'class of one' claims, are basically claims of discrimination. Even if McDonald was wronged here, we do not believe that he has shown the wrong to be discriminatory in nature. Every time an actor commits a tort, he may be treating the victim differently than he frequently treats others, simply because tortious conduct is by nature a departure from some norm. Nonetheless, the purpose of entertaining a "class of one" equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in

connection with them into a federal case. Therefore, we believe a meaningful application of the "similarly situated" requirement is important to avoiding a distortion of the scope of protection in "class of one" equal protection claims.")

**B. Substantive Due Process**

Plaintiff alleges that the officers "repeatedly issued [p]laintiff false parking tickets" and that the officers' "conduct was an egregious arbitrary abuse of government power that shocks the conscience." Complaint, ¶¶ 44, 45. On this basis, plaintiff claims that the officers deprived him of his right to substantive due process." Id, ¶¶ 43-45.

"The Due Process Clause protects citizens from abuses of power by executive officials -- including law-enforcement officers -- but official misconduct will rise to the level of a constitutional violation only if it shocks the conscience." *Palka v. Shelton*, 623 F.3d 447, 453-54 (7th Cir. 2010). "The threshold for this kind of due-process claim is high; many forms of governmental misconduct are excluded." *Palka v. Shelton*, 623 F.3d at 454. As the Seventh Circuit has stated:

> Cases abound in which the government action -- though thoroughly disapproved of -- was found not to shock the conscience. Perhaps most notable in this genre is *County of Sacramento v. Lewis*, 523 U.S. 833, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998). The case involved a 100-mile-an-hour chase in which 16-year-old Philip Lewis was killed when the motorcycle on which he was riding tipped over; he was hit by the speeding patrol car and thrown 70 feet down the roadway. Lewis's parents claimed that the officer had disregarded department procedures for high-speed chases and that the officer's actions in causing Lewis's death "were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment" At 840. Noting that actions violate the due process clause only if they can properly be characterized as "conscience shocking, in a constitutional sense"

> (*Lewis*, quoting *Collins*, 503 U.S. at 128,) Court found no due process violation; the officer's conduct did not shock the conscience.
>
> It is one thing to say that officials acted badly, even tortiously, but--and this is the essential point--it is quite another to say that their actions rise to the level of a constitutional violation. We have declined to impose constitutional liability in a number of situations in which we find the officials' conduct abhorrent. For instance, we have our own car-chase case in which we found no violation in the use of a tire-deflation device. *Bublitz v. Cottey*, 327 F.3d 485 (7th Cir. 2003). In *Schaefer v. Goch*, 153 F.3d 793 (7th Cir. 1998), there was no substantive due process violation when officers shot a woman to death on her own front steps during a standoff with the woman's husband.

*Tun v. Whitticker*, 398 F.3d 899, 902-03 (7th Cir. 2005).

Here, plaintiff argues that the alleged wrongful issuance of three hundred dollars of parking tickets is "an egregious abuse of government power that shocks the conscience." Complaint, ¶ 45. First, plaintiff's wholly conclusory allegations that the tickets were issued "willfully and wantonly," "arbitrarily" and as a result of "animus" are not, the City respectfully submits, entitled to be presumed true and are not supported by sufficient underlying factual allegations, which removes the basis for plaintiff's claim that the issuance of the tickets "shocks the conscience" and is actionable as a violation of plaintiff's substantive due process rights. *Iqbal*, 129 S.Ct. at 1549-50.

Second, even if plaintiff's wholly conclusory allegation that each officer issued a single parking ticket to him out of "illegitimate animus" is credited, which the City respectfully submits it should not be, see *Iqbal*, 129 S.Ct. at 1549-50, the wrongful issuance of three hundred dollars in parking tickets simply does not, as a matter of law, "shock the conscience" in the constitutional sense. *See, e.g., Palka v.*

*Shelton*, 623 F.3d at 454 ("Palka contends that the police officers' investigation -- tracing the phone call to the school, their use of the 'Leads System,' and the fact that they traveled outside their jurisdiction to track him down at his house at night -- subverted internal Police Department rules and therefore qualifies as conscience-shocking official misconduct. It does not."); *Tun*, 398 F.3d at 902-03. Put differently, if the conduct described in the cases set forth above did not shock the conscience in the constitutional sense, then the City respectfully submits that the alleged conduct at bar does not, as a matter of law, do so either.

Again, this conclusion is confirmed by considering whether any limit would remain on substantive due process claims, for which the "threshold is high," if plaintiff is held to have pled such a claim here. If a dispute over two incorrectly issued parking tickets totaling three hundred dollars in fines can, whatever the reason for their issuance, rise to the level of a substantive due process claim on the ground that this issuance of the tickets shocks the conscience, then virtually any municipal dispute where a citizen claims to have been mistreated would provide the basis for a substantive due process claim. There would be no *de minimis* limit to this doctrine – despite the clear holding of the courts that this doctrine is very limited because the conduct at issue must be "conscience shocking, in a constitutional sense." The City respectfully submits that this is not the law and that plaintiff has failed as a matter of law to state a claim for violation of his right to substantive due process.

### C. Malicious Prosecution

Plaintiff alleges that the officers "instituted charges against [p]laintiff for violations of parking regulations," that "there was not probable cause for such charges" and that "[t]he charges were terminated in a manner favorable to [p]laintiff." Complaint, ¶¶ 46-49.

"The Illinois courts have long disfavored actions for malicious prosecution and have sought to encourage a policy of open access to the courts." *Serfecz Et Al. v. Jewel Food Stores Et Al.*, 67 F.3d 591, 602 (7th Cir. 1995). "In order to establish malicious prosecution, a claimant must show that: (1) the action was terminated in plaintiff's favor; (2) the action was brought maliciously and without probable cause; and (3) the plaintiff suffered 'special injury' beyond the usual expense, time and annoyance in defending a lawsuit." *Serfecz*, 67 F.ed at 602; *see also Howard v. Firmand*, 378 Ill. App. 3d 147, 149, 151-53 880 N.E.2d 1139, 1142, 1144-45 (1st Dist. 2007)(setting forth same elements; affirming summary judgment for defendant because plaintiff failed to show special injury).

Plaintiff fails to allege sufficient facts to state a claim under this standard. Nowhere in his complaint does plaintiff allege that he suffered "suffered special injury beyond the usual expense, time and annoyance in defending a lawsuit." *Serfecz*, 67 F.3d at 602. To the contrary, plaintiff's complaint appears to preclude the existence of special injury. Plaintiff nowhere alleges that he had to attend even one court hearing with respect to the parking tickets or even hire a lawyer; instead, by his own account, plaintiff succeeded in having the tickets voluntarily dismissed

through telephone calls that he and his local police chief made to the Chicago Police. Complaint, ¶¶ 24-36. Plaintiff does allege that he "suffered damages and emotional distress," but such wholly conlcusory allegations do "not suffice" to satisfy the special injury requirement and are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1549-50. Plaintiff no where pleads specific facts showing that his alleged "damages and emotional distress" somehow go "beyond the usual expense, time and annoyance in defending a lawsuit." To the contrary, not only has plaintiff failed to plead sufficient facts to satisfy the "special injury" requirement, his own allegations make clear that he cannot plead such facts.

If plaintiff is allowed to proceed with his malicious prosecution claim, then there will be nothing left of the "special injury" requirement, a bedrock limitation on the ability to sue for malicious prosecution under Illinois law. If someone who never had to appear in court and did not even go to the time and expense of hiring a lawyer – circumstances that necessarily are less than "the usual expense, time and annoyance in defending a lawsuit" – can nonetheless bring a claim for malicious prosecution, then the special injury requirement effectively would be read out of Illinois law. The City respectfully submits that plaintiff has failed to state a claim for malicious prosecution.

## II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE CITY

Plaintiff makes no claim that the City is directly liable to him in any way. Complaint, *passim*. Rather, plaintiff contends that the City is vicariously liable to him under the doctrine of *respondeat superior* and under 745 ILCS 10/9-102. But it

is well established that such claims require that the officers first be found liable to plaintiff. As the court stated in *Tibbs v. City of Chicago*, 2005 U.S. Dist. LEXIS 4510 at *15 - *16 (N.D. Ill. 2005):

> The City is not required to pay any damages where neither it nor its employee is liable. Plaintiff has not alleged that the City is liable for his damages, outside of its obligation to indemnify its employee, and as discussed above, Kooistra is not liable. Furthermore, state statute makes clear that the City cannot be liable for an injury resulting from an employee's actions where the employee is not liable. 745 ILCS 10/2-109.

The rule is the same under the doctrine of *respondeat superior*. *See, e.g., Daniels v. Corrigan*, 382 Ill. App. 3d 66, 75, 886 N.E.2d 1193, 1203-04 (1st Dist. 2008)("The doctrine of *respondeat superior* allows an injured party to hold a principal vicariously liable for the conduct of his or her agent."). Here, because plaintiff has failed to state any valid claim against the defendant officers, it necessarily follows that the plaintiff has failed to allege valid claims against the City under either 745 ILCS 10/9-102 or the doctrine of *respondeat superior*. In addition, as noted above, plaintiff's allegations that the officers engaged in "willfull and wanton misconduct" (Complaint, ¶¶ 50, 52) are wholly conclusory and therefore insufficient. *Iqbal*, 129 S.Ct. at 1549-50. Accordingly, for the foregoing reasons, the City respectfully requests that the Court dismiss plaintiff's claims against the City under 745 ILCS 10/9-102 and the doctrine of *respondeat superior*.

## III. THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE LAW CLAIMS

In the event that this Court dismisses the claims brought by the plaintiff under the federal civil rights laws but does not dismiss one or more state law

claims, the City respectfully submits that this Court should not exercise supplemental jurisdiction over such remaining state law claims. There is no independent basis for federal jurisdiction over such claims nor any other sound reason why the underlying dispute arising from two parking tickets solely among residents of Illinois should remain in federal court. *See, e.g., Wilson Et Al. v. Price Et Al.*, 624 F.3d 389, 395 (7th Cir. 2010)("Because the federal claims were properly dismissed, it also was appropriate for the district court to dismiss the pendent state law claims in the absence of any independent basis for federal jurisdiction.")

**CONCLUSION**

For all the foregoing reasons, the City of Chicago respectfully requests that this Court enter an Order dismissing the claims against it.

Respectfully submitted,

THE CITY OF CHICAGO

Date: April 26, 2011.

By: /s Timothy P. O'Connor
Its Attorney

Timothy P. O'Connor
MEYER & O'CONNOR, LLC
Suite 3300
135 S. LaSalle Street
Chicago IL 60603/312-346-9000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby states that he caused a copy of the foregoing DEFENDANT CITY OF CHICAGO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS to be served upon:

Daniel P. Kiss
Jackowiak Law Offices
Suite 1700
20 North Clark Street
Chicago IL 60602

by electronic service through the Court's ECF filing system on this 26th day of April, 2011.

/s Timothy P. O'Connor